## Lillie Callahan, Administratrix, Plaintiff in Error, v. Illinois Central Railroad Company, Defendant in Error.

1. TRIAL, § 191*—*rule in passing on motion for directed verdict.* When a motion for a peremptory instruction is made by defendant, the motion should be allowed if the court is of the opinion that in case a verdict is returned for plaintiff it must be set aside for want of any evidence in the record to sustain it; but the motion should be denied if the court is of the opinion that there is evidence in the record which, standing alone, is sufficient to sustain such a verdict, but that such verdict, if returned, must be set aside because against the manifest weight of all the evidence.

2. MASTER AND SERVANT, § 770*—*when direction of verdict improper.* In an action against a railroad company to recover for the death of plaintiff's intestate, alleged to have been caused by failure of defendant to properly equip its cars with automatic couplers, the giving of a peremptory instruction for defendant *held* error, where the testimony of two eyewitnesses showed that deceased was on the ladder of the rear car when making a running switch and that he made several unsuccessful attempts to lift the coupling pin with the lever and that he then got down to lift the pin with his hands.

3. TRIAL, § 197*—*what may not be considered in ruling on motion for directed verdict.* In ruling on a motion for a directed verdict for defendant, the fact that two of plaintiff's eyewitnesses did not agree in every particular, or that one of them had a better opportunity for seeing what occurred than the other, cannot be considered.

Error to the Circuit Court of Marion county; the Hon. THOMAS M. JETT, Judge, presiding. Heard in this court at the October term, 1913. Reversed and remanded. Opinion filed May 1, 1914. Rehearing denied and opinion modified October 28, 1914.

BUNDY & WHAM and NOLEMAN & SMITH, for plaintiff in error.

W. W. BARR and KAGY & VANDERVORT, for defendant in error; W. S. HORTON, of counsel.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

MR. JUSTICE HARRIS delivered the opinion of the court.

The declaration in this case consists of two counts. The first count declared upon the statute of the United States, under and by which it became the duty of the defendant in error to equip all its cars, in moving interstate traffic, with couplers coupling automatically by impact so that the same may be uncoupled without the necessity of a man going between the cars, and not to haul or permit to be hauled or used on its said railroad any cars, in moving interstate traffic, not so equipped.

The second count is the same as the first count, except that it declared upon the statute of the State of Illinois, under and by which statute the defendant in error was, in compliance with its duty, to equip its said cars, engaged in traffic within the State of Illinois, with an automatic coupler, the provision being practically the same as under the statute of the United States; and in both of said counts it is averred that plaintiff's deceased, Frederick J. Callahan, while engaged with his assistants in the line of his employment in making a running switch near the station of Sandoval in said Marion county, by reason of the coupler upon said cars not being in compliance with the statute of either the State of Illinois or the United States, was injured, from which injury death followed; damage to the plaintiff and next of kin in the sum of ten thousand dollars. Plea of the general issue was filed to this declaration, a trial followed, and at the close of the evidence offered for the plaintiff a motion was made by the defendant in error for a peremptory instruction to find for the defendant in error, which was by the court sustained, instruction given and verdict returned accordingly.

Therefore the question to be determined by this court from an examination of the evidence offered and the law, was the giving of the peremptory instruction error?

The law upon this subject is laid down in this State in the case of *Libby, McNeill & Libby v. Cook*, 222 Ill. 213, in the following language: ''When a motion for a peremptory instruction is made by the defendant, if the court is of the opinion that in case a verdict is returned for the plaintiff it must be set aside for want of evidence in the record to sustain it, a verdict should be directed. If the court is of the opinion that there is evidence in the record which, standing alone, is sufficient to sustain such a verdict, but that such a verdict, if returned, must be set aside because against the manifest weight of all the evidence, then the motion should be denied.''

The evidence in this case when considered under the law is that at the time in question Callahan was on the ladder of the rear car and made several attempts to get the pin with the lever but did not get it with the lever and got down to lift the pin with his hands. This is the substance of the evidence of two eyewitnesses. That these witnesses did not agree in every particular in their testimony or that one of the witnesses had a better opportunity for seeing what occurred than the other witness would not be proper to consider under the motion made.

It was a matter for the jury to determine from the evidence whether an attempt was made to lift the pin with the lever and that it did not lift it, and the coupler would not work, and if he did try to lift it and it did not work, under the authorities, the jury would have a right to find that the car was not equipped with the coupler or that the coupler was not maintained in such a condition that the car could be uncoupled without plaintiff in error going between the cars in the performance of his duty as provided for by either the statute of the State of Illinois or of the United States. That Callahan when injured was in the line of his employment and in the performance of a duty imposed upon him by defendant in error is a conclusion that

might be drawn from the evidence in this case, and we think should have been submitted to the jury as a question of fact.

We find from the evidence in this case and under the law that the motion for peremptory instruction should have been denied and instruction refused. The judgment is reversed and the cause remanded.

*Reversed and remanded.*